IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN ALAN WADE, on behalf of himself and others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| HELIX ENERGY SOLUTIONS GROUP, INC. & HELIX WELL OPS INC. | § § § | |
| Defendants. | § § § § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Glenn Alan Wade ("Plaintiff"), on behalf of himself and others similarly situated, files this Complaint against Helix Energy Solutions Group, Inc. and Helix Well Ops, Inc. (collectively "Defendants" or "Helix"), showing as follows:

## SUMMARY

1.      Plaintiff worked an HVAC Technician for Helix.  Helix paid Plaintiff and similarly situated HVAC Technicians a day rate for their work, and did not pay them overtime, even though Plaintiff and similarly situated HVAC Technicians routinely worked overtime.  Thus, he is suing Helix for unpaid overtime under the federal Fair Labor Standards Act ("FLSA"), and seeks to represent a collective action group of similarly situated individuals.

## THE PARTIES AND JURISDICTION

2.      Glenn Alan Wade is a natural person residing in McComb, Mississippi.   He has standing to file this lawsuit.  A copy of his consent to join this lawsuit is attached hereto as Exhibit A.

3.      Defendant Helix Energy Solutions Group, Inc. is a Minnesota corporation operating in Texas with its Corporate Headquarters at 3505 W Sam Houston Pkwy N, Suite 400, Houston, Texas 77043.  It may be served through its counsel or through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or by any other legal means.

4.      Defendant Helix Well Ops Inc. is a Minnesota corporation operating in Texas with its Corporate Headquarters at 3505 W Sam Houston Pkwy N, Suite 400, Houston, Texas 77043. It may be served through its counsel or through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or by any other legal means.

5.      The "Members of the Class" are all current and former HVAC Technicians employed by Helix in the past three years.  Like the named Plaintiff, these persons were and are engaged in interstate commerce in performing their duties for Helix.  All of the "Members of the Class" are similarly situated to Plaintiff and to one another within the meaning of section 216(b) of the FLSA.

6.      The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.  For years, Defendants have done business in the State of Texas and continue to do business in the state of Texas.

7.      The Court has subject matter jurisdiction over this case based on federal question jurisdiction.  There is federal question jurisdiction because Plaintiff brings a claim under the federal FLSA, 29 U.S.C. § 201, *et. seq*.

## FACTUAL BACKGROUND

8.      Helix did not pay Plaintiff and Members of the Class one and one half times their regular rate of pay for hours any worked over 40 in a workweek.  Helix misclassified Plaintiff as exempt from the FLSA's overtime requirements, even though he and Members of the Class were non-exempt for two reasons:  First, for most of the time within the past three years, Helix paid

Plaintiff and Members of the Class on a "day rate" basis instead of on a salary-basis.  Second, Plaintiff and Members of the Class did not perform all the duties of an exempt employee under the FLSA.

## FLSA CLAIM FOR OVERTIME PAY AGAINST HELIX

9.      Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

10.      All conditions precedent, if any, to this suit, have been fulfilled.

11.      At all material times, Plaintiff and the Members of the Class were employees under the FLSA. 29 U.S.C. § 203(e).

12.      At all material times, Defendants were covered employers under the FLSA.  29 U.S.C. § 203(d).

13.      In each of the past three years, Helix has been an enterprise engaged in commerce or in the production of goods for commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Helix has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and Helix has had and continues to have annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

14.      Helix has, at all materials times, been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.      At all times during the past three years, Plaintiff was not exempt from overtime as delineated by the FLSA.

16.      At all times during the past three years, the Members of the Class were not exempt from overtime as delineated by the FLSA.

17.     At all material times, as set forth herein, Plaintiff and the Members of the Class routinely worked in excess of 40 hours per seven-day workweek, and the Defendants knew that.

18.     At all material times, as set forth herein, Plaintiff and the Members of the Class were entitled to overtime compensation for hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(a)(1).

19.     Under the FLSA, employers such as Helix are generally required to pay non-exempt employees like Plaintiff and the Members of the Class time and one-half their regular rate for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).   As the Fifth Circuit has stated: "The Fair Labor Standards Act generally requires that employees be paid an overtime premium of "time-and-one-half" for all hours worked in excess of forty hours in a week." *Samson v. Apollo Resources, Inc*., 242 F.3d 629, 633 (5th Cir. 2001) (citing 29 U.S.C. § 207(a)).

20.     At all materials times, as set forth herein, Helix failed to pay Plaintiff and the Members of the Class overtime compensation of one and one-half their regular rate of pay (or any overtime compensation at all) for hours worked over 40 in a workweek.  Thus, it violated the FLSA.

21.     **Unpaid Overtime.**  Helix owes Plaintiff and Members of the Class unpaid overtime wages.

22.     **Liquidated Damages.**  Helix also owes Plaintiff and Members of the Class an equal amount in liquidated damages.  This is because, under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

23.     **Willful Violation.**  Helix's violation of the FLSA is willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

24.     **Reasonable Attorneys' Fees.**  Plaintiff and Members of the Class are also entitled to reasonable attorneys' fees.  *See* 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

25.     **Collective Action.**  Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis."  *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007). Accordingly, under 29 U.S.C. § 216(b), Plaintiff seeks to represent a class against Helix on behalf of:

> all current and former HVAC Technicians who were employed by Helix during the three-year period preceding the filing of this complaint who worked more than 40 hours in a week and did not receive overtime pay at the rate of one and one-half their regular rate when they worked more than forty hours in a workweek.

## **PRAYER**

Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff and the Members of the Class be awarded a judgment against Defendants for:

a.     Actual damages in the amount of unpaid overtime wages;

b.     Liquidated damages under the FLSA;

c.     Prejudgment and post-judgment interest;

d.     Court costs;

e.     Reasonable attorneys' fees; and

f.     All other relief to which Plaintiff and the Members of the Class are justly entitled.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:    s/ Edwin Sullivan
        Edwin Sullivan
        State Bar No. 24003024
        S.D. Texas ID No. 24524
        712 Main Street, Suite 900
        Houston, TX 77002
        (713) 401-3557 – Telephone
        (713) 401-3547 – Facsimile
        ed@osattorneys.com – Email

        ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

Mark J. Oberti
State Bar No. 00789951
S.D. Texas ID No. 17918
OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
mark@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF